RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

JUL 13 2023

FILED
DOCKETED _____
DATE          INITIAL

ASHOK BABU et al
Plaintiff and Appellees

KEENAN WILKINS
Objector-Appellant

9th Cir. Case No. 22-15275

vs.

District Court or
BAP Case No. 5:18-CV-07677

GREGORY AHERN, et al

Appellee(s).

## APPELLANT'S INFORMAL REPLY BRIEF

*(attach additional sheets as necessary, up to a total of 25 pages including this form)*

**For the optional reply brief in response to appellee's answering brief(s) only.**

List each issue or argument raised in the answering brief to which you are replying.
Do not repeat arguments from your opening brief or raise new arguments except in
response to arguments made in the answering brief(s).

### Issue/Argument Number 1

What is the first argument in the answering brief to which you are replying?
<u>CONCESSION</u>

Appellees present argument in their answering brief asserting that
Appellant lacks standing to challenge the parties settlement agreement in
this action, but they wholly failed to argue against Appellant's claims.

What is your reply to that argument?

Appellant contends that Appellees failure to argue against his pre-
sented claim that clear evidence in other active pending prison litigation
demonstrates that they are woefully unable to represent incarcerated persons
in this action or act in our best interest constitutes concession to the
argument ( Tapia v Wells Fargo Bank 2015 US Dist Lexis 102836; Silva v.
US BankCorp 2011 US Dist Lexis 152817; Duensing v Gilbert 2013 US Dist
Lexis 47649 ).

9th Cir. Case No. 22-15275                                    Page 2

**Issue/Argument Number 2**

What is the second argument in the answering brief to which you are replying?

Appellees erroneously contend that Appellant Keenan Wilkins has lack of standing to challenge the parties settlement.

What is your reply to that argument?

Clear evidence demonstrates that Appellees do err.

First, as repeatedly pled ( See Appellees Denied Motion To Dismiss ) Appellant disclosed that he was, "... a class member because I anticipate soon being returned to Santa Rita in the near future for resentencing (Please see Issue/Argument Number 2 Addendum )

**Issue/Argument Number 3**

What is the third argument in the answering brief to which you are replying?

Appellees erroneously contend that Non. Magistrate Nathanael correctly approved the consent decree and failed to demonstrate abuse of discretion.

What is your reply to that argument?

Appellant asserts that Appellees argument lacks merit and moreover, fails to properly address the issues raised by Appellant et al in regards to this claim. Appellees contentions fail to state/show HOW the Honorable Magistrate provided REASONABLE responses to every non-frivolous presented objection. For instance, Appellant raised the gross ineffective assistance ( Please See Issue/Argument Number 3 Addendum )

Keenan Wilkins
_____          _____
Name                                                Signature
California Health Care Facility

P.O. Box 213040
Stockton, CA 95213                                  7-10-23
_____          _____
Address                                             Date

ISSUE/ARGUMENT NUMBER 1

Addendum 1 of 1

Appellees have presented absolutely no argument against Appellants opening brief allegations with evidence of GROSS ineffective assistance of counsel in currently active prisoner litigation class actions such as Coleman v Newsom 2-90-cv-0520 KJM DB, Plata v. Newsom 01-cv-1351 JST, Armstrong v Newsom 4-94-cv-2307 CW.

These cases have been ongoing for years under the representation of ROSEN and have not made circumstances better for class members at all and in some cases, the unconstitutional conditions have worsened.

The most telling example of gross ineffective representation by ROSEN is found in Coleman, Supra in which despite being clearly informed by classmembers that CDCR was FALSIFYING group attendance times--ROSEN disregarded the information and aligned with CDCR to end the class monitoring and receivership with the FALSE DATA. The receivership would have ended if not for the courageous actions of whistle blower Michael Golding. This factual information, in addition to other pertinent facts such as the death of numerous class members at California Health Care Facility as a direct result of CDCR officials,allowed by ROSEN, to violate the stipulated court order for quarantine and isolation during the height of the Covid-19 pandemic was uncontested by Appellees in their answering brief and are deemed CONCEDED ( Tapia, Supra; Silva, Supra; Duensing, Supra ).

As such this gross ineffective representation precludes the grant of yet ANOTHER prisoner class settlement in which ONLY ROSEN will benefit from millions in attorney fees.

ISSUE/ARGUMENT NUMBER 2

Addendum 1 of 2

1  pursuant to post conviction relief efforts and penal code
2  1170(d) ....".
3    Appellees have disputed this facted with nothing more
4  that baseless conjecture.   In addition to the presented
5  facts of Appellant of his forthcoming return to Santa Rita
6  Jail for resentencing proceedings, he presents also with
7  this Reply Brief a request for the Court to take judicial
8  notice of letter dated September 29, 2022 from Deputy
9  Attorney General Anne Kammer (Attorney for CDCR Defendants)
10  in which she states, "....I inquired regarding your eligi-
11  bility for CDCR's Recall and Resentencing Referral Program.
12  I was advised that you are eligible and, on August 23, 2022,
13  CDCR sent the Coviction Review Team at the Alameda District
14  Attorney's Office documentation to support a request for
15  resentencing under California Penal Code 1170....".
16
17    Appellant contends that this evidence places him in the
18  "Future Class Member" category asserted in the Consent Decree
19  dated 12-17-21.
20    Further, Appellees failed to object to Appellants
21  participation in the district court, where he did infact
22  participate and have one of his objections ordered by the
23  court to be addressed by Appellees ( See District Court
24  Order dated 1-24-22 Question 8 ---concerns with ROSEN ineffe-
25  ctive assistance in currently active prisoner class cases ).
26    The 9th Circuit has established that a parties failure
27  to object before the district court waives the argument
28  (Dutta v. State Farm Mut Auto Ins. Co. 895 F.3d 1166 9th Cir.

ISSUE/ARGUMENT NUMBER 2

Addendum 2 of 2

2018; Getz v. Boeing Co. 654 F.3d 852 9th Cir. 2011;

Marbled Murrelet v. Babbitt 83 F.3d 1060 9th Cir 1996 ).


Appellant asserts that if by chance the foregoing facts
are not found plausible to extinguish Appellees lack of
standing argument---then an additional factor also remains--
the " EXCEPTIONAL CIRCUMSTANCES " clause established by this
circuit.

The 9th Cir. has established that it will hear a NON-
PARTY appeal in exceptional circumstances, which are :

(1) When the Appellant though a non-party, participated in
    the district court proceedings;    and

(2) When the equities of the case weigh in favor of hearing
    the appeal ( Hilao v. Estate of Marcos 393 F.3d 987 9th
    Cir. 1991 ).


Here, as evidence demonstrates, Appellant participated
in the District Courts " Objection " proceedings from
beginning to end.    Appellant contends that the equities
of the case weigh in favor of allowing him to participate in
the appeal as he is currently a class member of ROSEN in
several cases in which ROSEN has demonstrated GROSS IAC on
behalf of the class members for years.    Appellant also was
subjected to the SAME terrible unconstitutional conditions
at Santa Rita Jail for SIX YEARS(2007-2013) which resulted
in settlement ( Wilkins v Ahern C08-1084 MMC ).   County ofi-
cials did not keep their word then nor over the last near 2
decades and competent representation is now needed who have
the best interest of class members and our well being.

ISSUE/ARGUMENT NUMBER 3

Addendum 1 of 1

in his objections below in the district court and on 1-24-22

the Court issued an oreder for Appellees to respond to 11

questions.    Question 8 of the order was a direct result of

Appellant's objections and stated, "... Objectors pointed

to the Coleman v. Newsom settlement as an example of an

instance where ACSO and Class Counsel did not meet their

implementation obligations....Can class counsel address this

concern?...".

However in the Court's order dated 2/7/22 granting

Appellees Final Approval of the Consent Decree and Attorneys

Fees,  The Court itemized 8 objections that it took into

consideration from objectors ( See District Court Document

Page 5  line 15 to page 7 line 20 ).    Missing from these

itemized factors of consideration is Appellants Objection

and Appellants response thereto.    Appellant asserts that

this demonstrates that the Magistrate failed to provide a

reasonable response to EVERY NON-FRIVOLOUS objection and con-

stituted an abuse of discretion in the failure to consider

this objection in making it's final approval and grant of

the consent decree ( Dennis Kellogg Co. 697 F.3d 858,864  9th

Cir. 2012; Officers For Justice, 688 F.3d  615  9th Cir 1982).


As a result of this failure to provide a response to

non-frivolous presented objection, Appellant respectfully

contends that error was committed warranting reversal for

explicit consideration of ROSENS gross IAC in active current

prisoner class acction cases as presented to the district

court  in objections.